U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 3 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANICETO BELTRAN VARGAS,        §
                               §
          Movant,              §
                               §
VS.                            §    NO. 4:15-CV-140-A
                               §    (NO. 4:12-CR-198-A)
UNITED STATES OF AMERICA,      §
                               §
          Respondent.          §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion filed by movant, Aniceto Beltran Vargas, to vacate, set
aside, or correct sentence by a person in federal custody.  After
having considered such motion, the government's response thereto,
pertinent parts of the record in Criminal Case No. 4:12-CR-198-A,
and relevant legal authorities, the court has concluded that such
motion should be denied.

I.

Background

On November 16, 2012, movant pleaded guilty to the offense
of possession of a controlled substance with intent to
distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).
He was sentenced on March 1, 2013, to a term of imprisonment of

168 months, to be followed by a term of supervised release of four years.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed by an opinion issued December 17, 2013.  Movant did not seek a writ of certiorari by the Supreme Court.  Movant filed his § 2255 motion on February 20, 2015.  The government responded on March 23, 2015.

II.

## The Grounds of Movant's § 2255 Motion

The motion seems to indicate that movant is asserting three ineffective-assistance-of-counsel grounds.  He specified as his Ground One: "Ineffective Assistance of Counsel."  Doc. 1 at 4.[1] In the form of motion movant used, he put alongside the place for a description of his Ground Two, "[s]ee Movant's Memorandum of Points and Authorities," id. at 5; and he put alongside the place for a description of Ground Three, "[p]lease see Memorandum of Points and Authorities," id. at 8.  However movant explained his failures to raise his Grounds Two and Three in his direct appeal by stating that each ground was an "ineffective assistance of

---

[1]The "Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in this Case No. 4:15-CV-140-A.  The "Case No. 4:12-CR-198-A, Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in Case No. 4:12-CR-198-A.

2

counsel" ground.  Id. at 5-8.  Movant did not give the factual

bases for any of his grounds, stating, instead, "[p]lease see

Movant's Memorandum of Points and Authorities" or "[s]ee

Memorandum of Points and Authorities."[2]  Id. at 4-5, 7.

The contents of movant's supporting memorandum do little to

explain the exact nature of movant's ineffective of counsel

grounds.  Giving movant the benefit of a certain amount of

creative reading of his memorandum, the court is proceeding on

the assumption that movant is complaining that:

(1)  The court engaged in prohibited participation in plea

discussion, Doc. 2 at 5-6;

(2)  The court did not satisfy itself that there was factual

bases for movant's plea of guilty, id. at 7-9;

(3)  Movant was not made aware of the consequences of

pleading guilty before he did so, id. at 7;

---

[2]While movant verified his motion, Doc. 1 at 12, his verification was meaningless as to the factual bases of his motion because he did not state in the motion any of the facts upon which he relied. Thus, the motion itself did not comply with the letter or spirit of Rule 2(b)(5) of the Rules Governing Section 2255 Cases in the United States District Courts, which requires that a motion for relief under § 2255 "must . . . specify the facts supporting each ground . . . and . . . be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." All of the facts upon which movant purports to rely in support of his motion are set forth in his supporting memorandum, which, while being mentioned in the motion, was not incorporated by reference in the motion. The supporting memorandum is not verified by an affidavit or declaration. Therefore, the purported facts upon which movant relies in support of his motion are not in a form that would authorize the court to give them evidentiary effect in ruling on the motion. However, because the record of movant's criminal case makes so clear that movant is not entitled to § 2255 relief, the court is not ordering movant to file an amended motion or a properly verified amended memorandum.

(4)   Movant was not made aware of the quantity of methamphetamine that would be taken into account in determining his sentence at the time he entered his plea of guilty, <u>id.</u> at 9;

(5)   His plea of guilty was not knowingly and intelligently made, <u>id.</u> at 10; and

(6)   Movant's counsel failed to properly advise him on one or more of the subjects mentioned above about which he now complains, <u>id.</u> at 10-11.

III.

Analysis

A.   Pertinent Legal Principles

1.   Principles Applicable to a 2255 Motion

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

4

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

    2.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper

5

functioning of the adversarial process that the trial cannot be

relied on as having produced a just result." <u>Cullen v.

Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466

U.S. at 686). Judicial scrutiny of this type of claim must be

highly deferential and the defendant must overcome a strong

presumption that his counsel's conduct falls within the wide

range of reasonable professional assistance. <u>Strickland</u>, 466

U.S. at 689.

B.    <u>The Grounds of the Motion Are Without Merit</u>

      1.    <u>The Court Did Not Participate in Plea Discussions</u>

      The basis for plaintiff's assertion that the court engaged

in prohibited participation in plea discussion is described in

movant's memorandum as follows:

> The Court then impermissibly engaged in a discussion
> with the Movant and his counsel regarding the amount of
> drugs to wish Movant's offense involve in and stated:
> "Mr vargas, there is no way Mr. Hermesmeyer can tell
> you how much drugs you will held accountable for.  From
> what I've heard, you probavly will be held accountable
> for over--more--at least 230 milligrams of
> methamphetamine.  It may be more than that.  I don't
> know that there's any way he can tell you, nor is there
> any way I could tell you at this point in time." [Case
> No. 4:12-CR-198-A, Doc. 34] at 11-12.  These statements
> by the Court and the Movant during the November 16,

> 2012, plea hearing clearly shows that the Court engage in
> prohibiting participation in plea discussion.

Case No. 4:12-CR-198-A, Doc. 2 at 5 (errors in original).[3]   The

record makes clear that the court was not involving itself in

plea negotiations or discussions, but was simply explaining to

movant why his attorney was not in a position to take steps to

limit his sentencing exposure to 50 grams of methamphetamine.

Case No. 4:12-CR-198-A, Doc. 34 at 10-13.   Nothing in the record

of movant's criminal action remotely suggests that this court

involved itself in plea discussions.

   2.   <u>There Was Factual Basis for Movant's Plea of Guilty,
        and the Court Satisfied Itself That There Was Before
        the Plea Was Taken</u>

Movant never contended that he was not guilty of the offense

charged by the indictment in this case.   Rather, from the outset

of his rearraignment hearing, movant made clear that he did not

want to go to trial because he was guilty of the offense charged

by the indictment, and he acknowledged from the outset that he

understood that a plea of guilty would subject him to a term of

imprisonment of between five and forty years.   Case No. 4:12-CR-

198-A, Doc. 34 at 6-7.

---

[3]The record reflects that the court misspoke when it used the word "milligrams," and that almost
immediately afterwards the court corrected the "milligrams" to "grams."  Case No. 4:12-CR-198-A, Doc.
34 at 11-12.

During the hearing the court explained to movant the elements of the offense charged by the indictment, and defendant said that he understood that those were the things the government would have to prove to a jury beyond a reasonable doubt to cause him to be convicted if he were to persist in his plea of not guilty. <u>Id.</u> at 27-28. Movant admitted that all of those facts existed in his case. <u>Id.</u> at 28. Later, the court, after having the stipulated facts in the factual resume read aloud, inquired of defendant if those facts were true, to which the defendant answered "Yes." <u>Id.</u> at 31-32.

Once the court determined that defendant's plea of guilty had a factual basis, the court found that his plea of guilty was "supported by an independent basis in fact containing each of the essential elements of [the offense to which defendant pleaded guilty]." <u>Id.</u> at 32. That finding was fully supported by the record.

3.   <u>Defendant Was Aware of the Consequences of Pleading Guilty Before He Did So</u>

As noted above, defendant recognized at the outset of his rearraignment hearing that he was subjecting himself to a term of imprisonment of forty years by a plea of guilty. <u>Id.</u> at 7. The court explained to movant that there was no way at that time that a determination could be made by movant's counsel, movant, or the

court as to the quantity of drugs that would be attributable to movant for sentencing purposes. Id. at 12-13. Movant testified, before he entered his plea of guilty, that by pleading guilty he was subjecting himself to, inter alia, a term of imprisonment that would have to be at least five years and could be as much as forty years. Id. at 28-29.

All of the statements made by movant, and all movant's answers to the court's questions, at the rearraignment hearing were made and given while movant was under oath. Id. at 3.

"[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." Id. (omitting internal quotation marks)(citing, and quoting from, Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." Id. To be

9

entitled to an evidentiary hearing, the defendant must produce
"independent indicia of the likely merit of [his] allegations,
typically in the form of one or more affidavits from reliable
third parties. Id. "If, however, the defendant's showing is
inconsistent with the bulk of [his] conduct or otherwise fails to
meet [his] burden of proof in the light of other evidence in the
record, an evidentiary hearing is unnecessary." Id. See also,
United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).
Movant has failed to provide any evidence in support of any of
his contentions that are at variance with the statements he made,
or the answers he gave, while under oath at the rearraignment
hearing.

To whatever extent movant might be suggesting that his
attorney made any representation or promise to him as to the
level of imprisonment that might be imposed on him, the testimony
given by movant at his rearraignment hearing is direct proof that
no such thing occurred. He was told that he should never depend
or rely upon any statement or promise by anyone as to what
penalty will be assessed against him, and he said that he
understood that explanation. Id. at 19-20. He pointedly said
that no one had made any promise or assurance to him of any kind
in an effort to induce him to enter a plea of guilty. Id. at 30.

10

The court is satisfied and finds that movant was aware of the consequences of pleading guilty before he did so.

4.   Movant Knew When He Pleaded Guilty That the Quantity of Methamphetamine That Would Be Taken into Account Would Be Determined by the Probation Officer

The discussion at the rearraignment hearing clearly conveyed to movant that the exact quantity of methamphetamine that would be taken into account in determining his sentence could not be known at that time.  The court gave the following explanation to movant:

> Mr. Vargas, at this stage of the proceeding, the Government doesn't have to show how much you're going to be held accountable for.  That's determined by information that is presented to the Court in advance of the hearing for your sentence and at the time of the hearing of your sentence.
>
> The probation officer prepares a report, and in that report, the probation officer will make known how much, in the view of the probation officer, you should be held accountable for.

Id. at 12-13.  Movant entered his plea of guilty with that knowledge.  Thus, while he was not made aware of the exact quantity that would be taken into account in determining his sentence, he made the decision to plead guilty without having that precise knowledge.  Presumably movant himself knew the quantity of methamphetamine for which he should have been held accountable for sentencing purposes, with the consequence that he hardly is in a position to complain that the probation officer

11

reported to the court, and the court found, a quantity that was consistent with the actual facts.

    5.   <u>Movant's Plea of Guilty Was Knowingly and Intelligently Made</u>

The record of the rearraignment hearing could not make any clearer that movant knew what he was doing when he entered his plea of guilty and that he made the intelligent decision to do so. At the conclusion of the hearing, the court found that "his plea of guilty to the offense charged by the indictment in this case is a knowing and voluntary plea." <u>Id.</u> at 32. Movant has failed to provide any evidence to the contrary.

    6.   <u>Movant Has Failed to Provide Any Evidence That His Attorney Failed to Properly Advise Him on Any Subject Pertinent to His Plea of Guilty</u>

At the rearraignment hearing movant was given an opportunity to express any reason he had for any dissatisfaction with his attorney. <u>Id.</u> at 7-13. As well as the court could determine, his dissatisfaction was that his attorney was not able to do something to cause his sentence to be lower than it was going to be based on his offense conduct. Nothing movant said at that time suggested that movant had any basis for complaining of his attorney's conduct relative to any of the subjects mentioned in the memorandum he filed in support of his motion, and he provides no factual basis in his memorandum for any finding that his

attorney did not act with complete propriety at all times while representing him.

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, be, and is hereby, denied.

\* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 13, 2015.

_____
JOHN McBRYDE
United States District Judge

13